# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 634 | DATE | November 6, 2003 |
| CASE TITLE | | *United States v. Carson* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendant Carson's Motion in Limine to exclude the videotape.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | NOV 10 2003 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| RTS | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 76

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Hon. Blanche M. Manning |
| v. | ) | 00 CR 634 |
| DELPHINE CARSON, | ) | |

## MEMORANDUM AND ORDER

Defendant Delphine Carson was charged in a three-count Second Superceding Indictment with conspiracy to possess stolen goods (Count I) and possession of stolen goods (Counts II and III). The instant matter comes before this Court on Carson's Motion in Limine to exclude a videotape taken on September 5, 2000, which shows Carson and an alleged co-conspirator discussing the buying and selling of stolen goods with an undercover officer. Carson contends that the tape is "extremely prejudicial" because the hour long tape shows her engaging in criminal conduct not charged in the indictment.[1] In response, the Government contends that the video tape is admissible as: (1) "evidence of uncharged acts intricately connected to the charged offense"; and (2) evidence of knowledge and absence of mistake under Rule 404(b).

Although Carson does not cite a specific rule in her motion, the Court will assume that she has moved to exclude the tape under Federal Rules of Evidence 403 and 404(b). Under Rule 403, relevant evidence should only be excluded where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Mere prejudice to the defendant is not reason enough to exclude evidence. United States v. Curry, 79 F.3d 1489, 1496 (7th Cir. 1996). Most relevant evidence presented in a prosecution is

---

[1] The Court notes that this is the second trial of this case, the first trial resulting in a hung jury. In the first trial, the Court denied Carson's motion and admitted the videotape in question into evidence in its entirety.

prejudicial to the defendant. In order to be excluded, the evidence must be unfairly prejudicial. Id. The Comments to Rule 403 state that "unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Thus, courts apply Rule 403 in a manner that favors the admission of relevant evidence, and only exclude evidence when unfair prejudice threatens to overwhelm its probative value. The greater the probative value of the evidence, the more willing the court will be to tolerate some risk of prejudice. United States v. Torres, 977 F.2d 321, 328 (7th Cir. 1992). The question of admissibility of evidence under Rule 403 is essentially the province of the trial court, which is in the best position to make evidentiary determinations. Id. at 329.

> Similarly, Rule 404(b) states that:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The rationale for the exclusion of this evidence is that it is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

In the Seventh Circuit, 404(b) evidence is admissible if it: (1) is directed toward establishing a matter in issue other than the defendants' propensity to commit the crime charged; (2) shows that the other act is similar enough and close enough in time to be relevant to the

2

matter in issue; (3) is sufficient to support a jury finding that the defendant committed the similar act; and (4) meets the Rule 403(b) balancing test - the prejudicial effect of the evidence does not substantially outweigh the probative value. United States v. Long, 86 F.3d 81, 83 (7th Cir. 1996); United States v. Wilson, 31 F.3d 510, 514 (7th Cir. 1994); United States v. Evans, 27 F.3d 1219, 1232 (7th Cir. 1994).

In addition, evidence that is "so blended or connected that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime" is excluded from Rule 404(b)'s prohibition against other acts evidence admitted to show "action in conformity therewith" and may be admitted at trial. United States v. Thompson, 286 F.3d 950, 968 (7th Cir. 2002). If the evidence is "intricately related", "connected", or "intertwined" in this manner, the court does not abuse its discretion by admitting such evidence. Id. Acts satisfy the inextricably intertwined doctrine if they complete the story of the crime, if their absence would create a chronological or conceptual void in the story of the crime, or if they are so blended or connected that they incidentally involve or explain the circumstances surrounding or tend to prove any element of the crime charged. See United States v. Gibson, 170 F.3d 673, 681 (7th Cir. 1999).

Here, after carefully reviewing the contents of the videotape in question, this Court finds that the entire tape is admissible on the grounds that it is evidence of: (1) uncharged acts intricately connected to the charged offense; and (2) knowledge and absence of mistake under Rule 404(b). The indictment charges Carson with conspiracy to possess stolen goods, including leather jackets, air compressors, and power tools, which are specifically mentioned in the tape. The tape also contains discussions about other stolen items. These other discussions are

3

inextricably interwoven with the discussions of the charged goods, to the extent that it would be impossible to edit the tape without confusing the jury. By listening to the entire tape, the jury will get a complete picture of the transaction. Moreover, a cautionary instruction by this Court will cure any prejudice which may arise from viewing the whole tape. Likewise, this Court finds that the tape can be construed by a fact finder to show that Carson had knowledge that the goods charged in the indictment were stolen. Consequently, this Court denies Carson's motion in limine.

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendant Carson's Motion in Limine to exclude the videotape.

ENTER:  _Blanche M. Manning_
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 11-6-03

5