# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 634 | **DATE** | May 28, 2004 |
| **CASE TITLE** | *United States v. Delphine Carson* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court OVERRULES the Defendant Carson's objections to the PSR and DENIES her motion for downward departure. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 03 2004 | |
| | Notified counsel by telephone. | | date docketed | 94 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 00 CR 634 |
| | ) | |
| DELPHINE CARSON, | ) | |

## MEMORANDUM AND ORDER

A jury found Defendant Delphine Carson guilty of all counts in a three-count Second Superceding Indictment ("the Indictment") – conspiracy to possess stolen goods (Count I) and possession of stolen goods (Counts II and III). The present matter comes before this Court on Carson's objections to the Pre-Sentence Investigation Report ("PSR") and motion for downward departure. For the reasons set forth below and stated in open court at the sentencing hearing, this Court OVERRULES the objections and DENIES the motion for downward departure.[1]

The Indictment charged Carson with conspiring to receive and receiving and possessing stolen goods, which were stolen from a storage facility and "constituted an interstate shipment of freight," in violation of 18 U.S.C. §§ 659, 371, and 2. Specifically, the Indictment charged Carson with conspiracy to possess stolen leather jackets, air compressors, and power tools. As part of its case-in-chief, the Government introduced a video tape showing Carson discussing the purchase of these and other stolen items.

**DOCKETED**
JUN 0 3 2004

---

[1] This Memorandum and Order supplements the Court's oral rulings at Carson's sentencing hearing on May 25, 2004.

The United States Probation Office calculated the total offense level for Carson using the1998 United State Sentencing Guidelines ("the Guidelines"):

| | | |
|---|---|---|
| Base Offense Level (2B1.1(a)) | 4 | |
| Amount of Loss (2B1.1(b)(1)(J)) | 9 | (Based on amount of loss of $138,821) |
| Specific Offense Characteristic (2B1.1(b)(4)(B)) | 4 | (Based on conclusion that Carson was "a person in the business of receiving and selling stolen goods") |
| Total Offense Level | 17 | |

Based on an offense level of 17 and a criminal history category of I, the Guidelines provide for a sentence of incarceration between 24 to 30 months.

Carson objects to the 4-point increase under section 2B1.1(b)(4)(B) on the grounds that she is not "a person in the business of receiving and selling stolen goods" under the post-2001 version of the Guidelines, which revised the definition of who qualifies for the subsection (b)(4) enhancement. After reviewing both the 1998 and 2002 Guidelines, this Court concludes that under both versions, Carson qualifies for the "in the business of" enhancement.

Under both the 1998 and post-2001 versions, section 2B1.1(b)(4) provides for an enhancement "if the offense involved receiving stolen property, and the defendant was in the business of receiving and selling stolen property." Because the drafters of section 2B1.1(b)(4) initially did not define the phase "in the business of," a split in the circuits developed as to how to properly make such a determination. See Fed. Sent. L. & Prac., §2B1.1 (2004 ed.). The Seventh Circuit adopted the "fence test," United States v. Braslawsky, 913 F.3d 466, 468 (7th Cir. 1990), while several other circuits used a "totality of the circumstances" test. See United

States v. Sutton, 77 F.3d 91, 95 n.5 (5th Cir. 1996). To resolve this split, in 2001, the Sentencing Commission revised the Guidelines by adopting the totality of the circumstances test. See Amendment 617; Post -2001 Guideline Section 2B1.1(b)(4), Application Note 4 (setting forth test).

Application Note 4 states that:

[f]or purposes of subsection (b)(4), the court shall consider the following non-exhaustive list of factors in determining whether the defendant was in the business of receiving and selling stolen property:

(A)  The regularity and sophistication of the defendant's activities.
(B)  The value and size of the inventory of stolen property maintained by the defendant.
(C)  The extent to which the defendant's activities encouraged or facilitated other crimes.
(D)  The defendant's past activities involving stolen property.

Under the "fence test," the enhancement is appropriate where the government shows that the defendant is a "professional fence," which is defined as "persons who receive stolen property for resale" and thereby "facilitates the commission of many thefts by creating a clearinghouse for stolen goods." Braslawsky, 913 F.3d at 468.

Here, Carson's actions meet the requirements of both tests. The evidence at trial showed that she took an active part in securing almost $140,000 in goods she knew to be stolen and then striped some of the goods of identifying marks to sell them in her store and on the street from her van. The Government proved that Carson had a role in securing the warehouse where the stolen goods were stored. Carson also met the two trucks which delivered the pilfered merchandise and on at least one occasion paid to have others unload the truck while she inventoried the merchandise. Moreover, the videotape presented by the Government showed Carson talking about how much it cost to steal trailers from shipping yards and for how much she could sell

3

"hot" leather jackets. Accordingly, this Court finds that Carson operated a sophisticated operation to sell large amounts of stolen merchandise and that she was experienced in this business and that her actions encouraged and facilitated the theft of goods. Carson's objection is thus OVERRULED.

Additionally, Carson seeks a downward departure on the grounds that "the small loss significantly overstates the seriousness of Carson's conduct." The Court denies this motion on the grounds that it does not consider $138,821 – the value of the stolen goods that Carson conspired to possess and sell – to be a small loss. Moreover, the Government was only able to recover two-thirds of the value of the goods, leaving the victim with an actual loss of more than $45,000.

## CONCLUSION

For the foregoing reasons, this Court OVERRULES the Defendant Carson's objections to the PSR and DENIES her motion for downward departure. It is so ordered.

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 5-28-04